**FIDELITY & GUARANTY INSURANCE UNDERWRITERS, INC., Plaintiff,**

v.

**Craig Eugene MARSHALL, et al., Defendants.**

**No. 94–2029–JWL.**

United States District Court, D. Kansas.

Jan. 5, 1995.

Frank C. Weidling, Kansas City, KS, for Fidelity & Guar. Ins. Underwriters, Inc.

Patrick Beeman, Law Offices of Patrick Beeman, Gladstone, MO, James R. Brown, Brown & Brown, Kearney, MO, for Elisa Truesdale.

William P. Ronan, Overland Park, KS, for Richard Germunson.

Andrew M. Jones, Cooling & Herbers, P.C., Paul Kingsolver, Kansas City, MO, for American Family Ins. Group.

Clyde G. Meise, Meise, Coen & Rumley, Mission, KS, Paul C. Gurney, Gurney & Wohlford, Overland Park, KS, for Miles Chevrolet.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff Fidelity & Guaranty Insurance Underwriters, Inc., filed this action against four individuals, including Richard Germunson, and American Family Insurance Group. The action is one seeking a declaratory judgment as to rights and liabilities, or lack thereof, of plaintiff to any or all defendants who have claimed or may claim an interest in a particular insurance policy. In its complaint, plaintiff alleges that on or about April 25, 1991, Miles Chevrolet, Inc. d/b/a Miles Nissan (hereinafter referred to as "Miles"), an auto dealership, sold a 1986 Chevrolet Blazer to defendant Craig E. Marshall. Plaintiff had issued a liability policy to Miles which covered the Blazer. On April 27, 1991, the Blazer, with defendant Marshall driving and the other individual defendants riding as passengers, was involved in an accident.

On June 30, 1994, defendant Germunson filed a third party complaint to bring Miles into the action. In his complaint, defendant Germunson alleges the same dates and events as contained in plaintiff's complaint. However, defendant Germunson asserts that Miles, rather than Marshall, was the owner of the Blazer at the time of the accident. Defendant Germunson's complaint against Miles contains two counts. In count I, he asserts that Miles is liable for negligently entrusting the vehicle to Mr. Marshall. In Count II, defendant Germunson claims that Marshall was using the vehicle with the express or implied consent of Miles and, as such, he has coverage under Miles' policy of liability insurance.

This matter is currently before the court on third party defendant Miles' motion to dismiss (Doc. # 27). In its motion, Miles contends that it should be dismissed as a party to the action due to Germunson's failure to timely commence his action within the applicable statute of limitations. For the reasons set forth below, the motion to dismiss is granted.

Mr. Germunson has not filed a response to plaintiff's motion to dismiss. D.Kan.Rule 206(b) provides, in pertinent part: "A party shall have twenty days to respond to a motion to dismiss or for summary judgment." That period of time has elapsed as to plaintiff's motion. Local Rule 206 goes on to provide, in subsection (g): "If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Mr. Germunson's failure to

respond to plaintiff's motion to dismiss indicates that he does not oppose it and that is the effect attributed to his failure to file a response under Rule 206(g). Therefore, for that reason alone, the court would be inclined to grant plaintiff's motion.

In any case the court, in granting a motion as uncontested, feels obligated to review the relief requested, and the basis for it, to determine whether or not it at least appears on its face to be warranted. The court has carefully reviewed the motion here and the arguments and authorities relied upon by the plaintiff in support of its motion. The court believes that, on its face, the motion does appear to be meritorious. Mr. Germunson's negligent entrustment claim against Miles is a tort based claim. Accordingly, the claim is subject to the two-year statute of limitations period provided in K.S.A. 60–513. In the present case, the vehicle was provided to Mr. Marshall on April 25, 1991. On April 27, 1991, Mr. Marshall and the occupants of the vehicle were involved in the accident for which Mr. Germunson now seeks a recovery against Miles. Mr. Germunson did not file his suit against Miles until June 30, 1994, which is well beyond the two-year statute of limitations period.

Mr. Germunson's second claim against Miles is that Marshall was using the vehicle with the express or implied consent of Miles and, as such, Mr. Germunson has coverage under Miles' policy of liability insurance. The court notes that this is not actually a claim on which Mr. Germunson could recover any monies from Miles, but rather is a claim against proceeds of the insurance policy issued by plaintiff. That is precisely the issue to be decided on plaintiff's original declaratory judgment action. Accordingly, there is no basis for including Miles as a party to this action based on the second claim of Mr. Germunson's complaint against Miles.

IT IS, THEREFORE, BY THE COURT ORDERED THAT defendant Miles' motion to dismiss (Doc. # 27) is granted.

IT IS SO ORDERED.